IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:21CR00394-003D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CONSENT ORDER |
| ) | |
| HASHEM FARAJ HATU, ) | |
| ) | |
| Defendant. ) | |

The Court, upon consent of the United States of America ("United States"), and Hashem Faraj Hatu ("Defendant") (collectively, "Parties"), hereby ORDERS as follows:

1. Defendant acknowledges that the Court has issued a Writ of Continuing Garnishment against Wells Fargo Bank, N.A. [D.E. 1493] pursuant to an Application for Writ of Garnishment filed by the United States [D.E. 1476]. Defendant agrees that the Writ of Garnishment attaches to all funds in the accounts identified in the Answer of Garnishee filed by Wells Fargo Bank, N.A. [D.E. 1514].

2. The Parties agree to entry of a final Order in Garnishment as to Wells Fargo Bank, N.A., providing that Wells Fargo Bank, N.A. shall pay the full cash value of any account referenced in the Answer of the Garnishee [D.E. 1514] to the United States. All accounts shall be unfrozen and released from the Writ of Garnishment upon payment of the full amount of the account, by Wells Fargo Bank, N.A., to the United States.

1

3. The United States agrees to file a final Order in Garnishment as described in paragraph 2. Defendant agrees not to contest the final Order in Garnishment. All funds received by the United States pursuant to the final Order in Garnishment shall be applied to the monetary penalties ordered in Defendant's criminal judgment.

4. In addition to any funds paid through the garnishment, within ten (10) days of the entry of this Consent Order, Defendant shall pay $10,000.00 to the United States (the "Initial Payment"). Failure to pay the Initial Payment within ten (10) days shall constitute a default under this Consent Order. The total Initial Payment shall be credited to the outstanding criminal monetary penalties ordered in Defendant's Judgment.

5. Beginning in May 2024, the Defendant shall pay to the United States the total sum of $1,500.00 per month ("Monthly Payments"). The Monthly Payments shall begin in May 2024 and will be due each month thereafter until the debt is either paid in full or monthly payments are re-evaluated by the U.S. Attorney's Office. Failure to timely pay any Monthly Payment shall constitute a default under this Consent Order. All monthly payments shall be credited to the outstanding criminal monetary penalties ordered in Defendant's Judgment.

6. Any payments shall be made using bank-certified funds. All payments made by Defendant pursuant to this Consent Order shall be made payable to U.S. District Court and mailed to P.O. Box 25670 Raleigh, North Carolina 27611. The

court number 5:21CR00394-003D shall be included on each check to ensure funds are credited properly.

7. The Parties agree to sign any other reasonable documents necessary to effectuate the terms of this Consent Order.

8. If Defendant defaults on any of his obligations under this Consent Order, the United States may take whatever steps it is entitled to take pursuant to law to enforce the obligations of this Consent Order or collect upon the outstanding debt owed by Defendant.

9. Nothing in this agreement prevents the United States from pursuing administrative offsets, including that by the Internal Revenue Service. Any payments applied to this claim by the Internal Revenue Service as a result of a tax return offset will be credited as a payment to the existing balance. Furthermore, the U.S. shall be entitled to pursue any and all remedies to collect such debt as are allowed by law.

10. Defendant agrees that the terms and conditions of this Consent Order are final. If incarcerated, Defendant agrees that this Consent Order does not preclude him from participation in the Inmate Financial Responsibility Program, if available. Defendant further agrees that this Consent Order does not preclude him from any additional payment schedule as set by the Court, the United States Probation Office, or the United States Attorney's Office.

11. Nothing in this Consent Order is a novation in any manner to reduce or diminish the full legal rights of the United States in the criminal judgment filed in

this case or affect the judgment in any manner.

12. This Consent Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

13. The Effective Date of this Consent Order shall be the date the Court signs it. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Consent Order.

SO ORDERED this __24__ day of __May__, 2024.

_____
JAMES C. DEVER, III
United States District Judge

WITH CONSENT:

_____  DATE: 05/22/24
JONATHAN W. TRAPP
Attorney for Defendant

_____  DATE: 05/17/24
HASHEM FARAJ HATU
Defendant

MICHAEL F. EASLY, JR.
United States Attorney

_____  DATE: 5/24/24
BY: BENJAMIN J. HIGGINS
Attorney for United States of America

4